IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **BEAULY, LLC,** § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | Civil Action No. **3:15-CV-3257-L** |
| **VEOLA EVANS; TAKESHA DUNLAP;** § | |
| **AND ALL OCCUPANTS,** § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

For the reasons herein explained, the court lacks subject matter jurisdiction over this action and *sua sponte* **remands** the action to County Court at Law No. 1, Tarrant County, Texas, from which it was removed.

This action was removed to federal court by pro se Defendant Veola Evans on October 7, 2015. In the underlying state court action, Plaintiff Beauly, LLC obtained a forcible detainer judgment on July 8, 2014, against Defendants in Justice of the Peace Court, Precinct 7, Tarrant County, Texas, which Defendants appealed on October 22, 2014, to County Court at Law No. 1, Tarrant County, Texas. The appeal filed by Defendants that is pending before County Court at Law No. 1 is set for trial or hearing on October 24, 2015.

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v.*

*United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Federal courts have an independent duty "to examine the basis of subject matter jurisdiction sua sponte." *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004)). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indent. Co.*, 491 F.3d 278, 28182 (5th Cir. 2007).

The court lacks jurisdiction to hear Defendants' appeal of the judgment against them entered by the Justice of the Peace Court, Precinct 7. Under the *Rooker–Feldman* doctrine, a federal district court lacks subject matter jurisdiction to review a final state court decision arising out of a judicial proceeding unless a federal statute specifically authorizes such review. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (Federal courts lack jurisdiction "over challenges to state court decisions . . . arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-16 (1923) (holding that federal district courts do not have appellate jurisdiction to reverse or modify judgment of state court).

Moreover, even if the court had subject matter jurisdiction, the case was removed to the wrong court because "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States *for the district and division embracing the place where such action is pending*."). 28 U.S.C. § 1441(a) (emphasis added). The underlying state court appeal in this case is pending in Tarrant County. Tarrant County lies in the Fort Worth Division of the Northern District of Texas. 28 U.S.C. § 124(a)(2). Accordingly, if federal subject matter jurisdiction exists, the case should have been removed to the Fort Worth Division of the Northern District of Texas.

As noted, however, subject matter jurisdiction is lacking. Accordingly, rather than transfer this case to the Fort Worth Division, the court *sua sponte* **remands** the action to County Court at Law No. 1, Tarrant County, Texas, from which it was removed. The clerk of the court is **directed** to effect the remand in accordance with the usual procedure.

**It is so ordered** this 9th day of October, 2015.

Sam A. Lindsay
United States District Judge